### *In re* WALLACE'S ESTATE.

### *In re* McGOWAN.

#### *(Supreme Court, General Term, First Department.* June 6, 1890.)

WILLS—INTEREST ON LEGACIES.
  Except in some peculiar cases, legacies only draw interest from the time they become due and payable, which is in cases where no time is fixed for payment one year after granting of letters testamentary. Following *Thorn* v. *Garner*, 113 N. Y. 202, 21 N. E. Rep. 149. Reversing 5 N. Y. Supp. 81.

Appeal from surrogate's court, New York county.

Appeal by Hannah McGowan, executrix of the will of John F. Wallace, deceased, from a decree overruling the report of a referee as to the time when interest began to run on a legacy. For former report, see 5 N. Y. Supp. 81.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Charles H. Woodbury,* for appellant. *Benjamin C. Wetmore,* (*John Reynolds,* of counsel,) for legatees.

PER CURIAM. The only question which it is necessary for us to consider upon this appeal is whether a legacy bears interest after one year from the death of the testator or from the time when it becomes payable, which is in cases where no time is fixed for payment one year after the granting of letters testamentary. Since the decision by the learned surrogate, we think that the question has been settled by the court of appeals adversely to the view taken by him. In the case of *Thorn* v. *Garner*, 113 N. Y. 202, 21 N. E. Rep. 149, the court of appeals have decided that, except in some peculiar cases, legacies

only draw interest from the time they become due and payable. The decree of the surrogate should therefore be reversed so far as appealed from, and the case sent back to the surrogate's court for further action. ·